## Case No. 5,818.

### GRIFFIN et al. v. WOODWARD.

[4 Cranch, C. C. 709.] [3]

Circuit Court, District of Columbia. March Term, 1836.

DISTRESS FOR RENT—PROMISSORY NOTE GIVEN IN PAYMENT.

A negotiable note given by the tenant to his landlord, which, when paid, was to be received "on account of rent," is no bar to a distress for the whole rent due before the note became payable, although discounted for the landlord and the proceeds received by him upon his indorsement of the note to a bank.

---

[1] [Reported by Samuel H. Hempstead, Esq.]

[3] [Reported by Hon. William Cranch, Chief Judge.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Replevin. Cognizance [by defendant, T. Woodward], as bailiff of William Cooper, for rent-arrear. Plea, no rent-arrear, and issue. Upon the trial the plaintiffs [Griffin and Tilley], having offered evidence that they had given their note to the landlord at sixty days, payable on the 16th of December, 1834, which when paid was to be "on account of rent;" and that the note was discounted at the Bank of the United States to the credit of the landlord, and that the distress was made on the 10th of December. 1834, before the note had become payable; the sum of $266 of rent having become due on the 20th of November, 1834; and that, when the defendant came to levy the distress, one of the plaintiffs offered to pay the balance of rent, after deducting the amount of the note; but the defendant refused to receive it, on the ground that he had no authority from the landlord therefor. The defendant then offered evidence to prove that the rent for which the note was given was due at the time the note was given; that the note was regularly protested by the bank, and was afterwards taken up at the bank by the landlord, and which he produced in his possession; and that it had never been paid by the plaintiffs.

Whereupon, THE COURT (THRUSTON, Circuit Judge, absent), at the prayer of the defendant, instructed the jury that his taking of the promissory note as aforesaid, and the said offer to pay the said balance as aforesaid, were no bar to his remedy by distress; because the note, by the terms of the receipt, until paid, was no payment of the rent.

Mr. Brent, for plaintiffs, in argument to show that the remedy by distress was suspended until the note became payable, cited Harris v. Johnstone, 3 Cranch [7 U. S.] 311; Kearslake v. Morgan, 5 Term R. 517; Thacher v. Dinsmore [5 Mass. 299]; 2 Wheel. Abr. 316; De Symons v. Minchwich, 1 Esp. 430; Hogan v. Shee, 2 Esp. 523; Willson v. Foree, 6 Johns. 110.

Mr. Bradley, for defendant, cited Skerry v. Preston, 2 Chit. 245; Brown v. Gilman, 4 Wheat. [17 U. S.] 256; Chipman v. Martin, 13 Johns. 240; Drake v. Mitchell, 3 East, 251; Bull. N. P. 182; Com. Landl. & Ten. 405.

Verdict for defendant. Motion for new trial overruled.